EDWIN G. CARRIER AND JOHN HEATH v. JAMES W. HEATHER
ET AL.

*Part-paid primary school lands—Certificate held in trust—Administrator of holder who allows land to be forfeited for non-payment of interest— And acquires title on resale in his own name—Equity will decree conveyance to real parties in interest.*

An administrator, with knowledge that the decedent held certain *part-paid* school lands in *trust* for third parties, allowed the same to be forfeited for non-payment of interest, and acquired a patent in his own name on the resale.

*Held*, that equity will compel a conveyance by him to the *real* parties in interest.

Appeal from Ogemaw. (Tuttle, J.) Argued July 7, 1886. Decided July 15, 1886.

Bill filed to secure a conveyance of certain land. Defendant James W. Heather appeals. Decree affirmed. The facts are stated in the opinion.

*Hatch & Cooley*, for complainants.

*J. B. Moore* (*A. McDonell*, of counsel), for defendant James W. Heather.

CAMPBELL, C. J. This bill was filed to compel James W. Heather, as a trustee in his own wrong, to convey certain school lands in Ogemaw county, which had been patented to him, to the parties really entitled to them. The record is a little involved, and some apparently material facts are not much dwelt upon. The case is chiefly one of fact, and there would be no profit in stating more than our conclusions, with a sufficient recital to make them intelligible.

In 1866, on the seventeenth of May, Edmund Heather and David W. Allison were partners in lumbering under the name of Heather & Allison, and selected lands upon shares. John Carrier and Andrew F. Baum were partners as Car-

rier & Baum. John Heath was in business alone. On that day it was agreed, in writing, that the firm of Heather & Allison should locate and purchase from the government 2,480 acres of land, concerning which no question is now before us. They were also to purchase 560 acres of primary school lands. The money to pay for these lands was to be furnished by Heath and Carrier & Baum, and they were to have conveyed to them by Heather & Allison two-thirds, undivided, of all the lands entered, Heather & Allison being entitled to keep one-third. Of this money Heath furnished half and Carrier & Baum half.

Instead of 560 acres of school lands, only 480 were purchased, all in section 16, township 24 N., of range 4 E. Heather & Allison, for some reason, paid only one-fourth down, leaving the rest to run on interest, as allowed by law. Heath and Carrier & Baum were called on to furnish half of the entire purchase money, and did so. It is not claimed there was any fraudulent intent in Heather & Allison, who had other dealings with the parties, but the testimony shows the payment clearly, in our opinion, and such was the finding below.

The complainant Edwin G. Carrier subsequently bought out Allison's interest in the firm of Heather & Allison, and the new firm did some business before Edmund Heather died, in 1876. He left two daughters under age, who are parties defendant here.

Defendant James W. Heather became administrator of Edmund, and, as we are satisfied, had knowledge that the school lands were held in trust. He paid up interest on the purchase for a while, all or a part of which was furnished at his request by Mr. Heath. No demand is shown to have been made on and refused by any of the parties bound to advance money. There is considerable reason to believe the advances made to Heather & Allison covered the whole amount due, but as no one appeals in this case but James W. Heather, we need not inquire further.

James W. Heather, after paying up interest for a time, let the school lands become forfeited for non-payment of inter-

est, and then bought the land in on the resale, at the ordinary price of four dollars per acre. He subsequently got a patent to himself individually.

The record is not quite clear as to how this got into his name individually. It is assumed that he got it under his forfeiture purchase. But it appears from the record that the land was redeemed from forfeiture before the time of redemption ran out, and that he got his bid refunded by the State in consequence of such redemption, and could claim nothing under it. But as the patent stands in his name, and the equities are the same as before, he is, in our opinion, bound by them, without regard to how it issued, as all parties are before the court.

The legal objections chiefly relied on are such as are supposed to arise under the statute of uses and trusts. As Heather is not sued in his representative capacity, any party could testify against him. It is claimed that inasmuch as Heath and Carrier & Baum intentionally provided that the title should vest in Heather & Allison, the statute which prevents the raising of a resulting trust in favor of those who pay the purchase money cuts them off. But it is sufficient to say that they do not rely here upon any such resulting trust, but upon an express agreement that Heather & Allison should convey to them.

It is also claimed that James W. Heather cannot be compelled to give up to them his interest as a purchaser of forfeited lands which anybody had a right to buy. This might be so if he had not led the other parties to understand that he was acting under the old certificate in behalf of the equitable owners, and if, as seems to appear from the record, this forfeiture was redeemed, their rights continued unchanged, and his obtaining the patent was wrongful entirely. His answer, however, does not indicate that he considered himself justified in holding the title as his own, and the grounds taken by counsel go beyond his apparent purposes.

There is nothing in the proof showing that Carrier & Baum have disposed of their rights. They have never forfeited them, and defendant Heather is not concerned beyond

this as to their equities with other parties who do not appeal.

It was claimed on the argument that Edwin G. Carrier had released these lands to the infant defendants. No such defense was set up in Heather's answer, and it was by a contract to which Heather was a party that this release is now claimed to have been made. These lands are not described in the document, and no testimony throws any light upon it. Any rights which they have may and perhaps should be protected by a clause declaring the decree to be without prejudice to the infants' rights arising out of that instrument, if they have any.

With this modification, in which Heather is not concerned, the decree must be affirmed, with costs to complainants against Heather.

The other Justices concurred.